**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000243
24-OCT-2011
09:08 AM**

NO. CAAP-10-0000243

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILLIAM A. DANIELS, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-10-01712)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant William A. Daniels (Daniels) appeals from the December 8, 2010 Judgment and Notice entered in the District Court of the First Circuit, Honolulu Division (district court).[1] Daniels was charged by complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2009), as a first-time offender under HRS § 291E-61(b)(1) (Supp. 2009). Prior to trial, Daniels filed two motions to dismiss the complaint. Daniels filed a Motion to Dismiss Re: Failure to Allege an Essential Fact (Motion to Dismiss Regarding Mens Rea), seeking to dismiss the OVUII charge on the ground that it was deficient for failure to allege a mens rea. Apparently Daniels also filed a Motion to Dismiss Re: Failure to Properly File a Written Complaint (Motion to Dismiss

_____

[1] The Honorable William A. Cardwell presided.

Improperly Filed Complaint), seeking to dismiss the complaint unless Plaintiff-Appellee State of Hawai'i (State) could prove that it was properly signed by the prosecutor. The district court denied both the Motion to Dismiss Regarding Mens Rea and the Motion to Dismiss Improperly Filed Complaint. After a stipulated facts bench trial, the district court found Daniels guilty of the OVUII charge and imposed sentence.

On appeal, Daniels argues that the district court erred in: (1) denying his Motion to Dismiss Regarding Mens Rea because he claims the OVUII charge was defective for failing to allege that he committed the OVUII offense intentionally, knowingly, or recklessly; (2) denying his Motion to Dismiss Improperly Filed Complaint because he claims that the State failed to meet its burden of proving that the complaint was properly signed by the prosecutor, and (3) convicting him on the charges despite the foregoing errors. We affirm.[2]

We resolve the arguments raised by Daniels as follows:

1. We conclude that the OVUII charge was not required to allege a mens rea in order to be sufficient, and we reject Daniels's challenge to the sufficiency of the OVUII charge. State v. Nesmith, 125 Hawai'i 232, 257 P.3d 245 (App. 2011) (holding that a complaint which did not allege a mens rea was sufficient to charge the defendant with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3), as a first-time offender under HRS § 291E-61(b)(1)). Accordingly, the district court properly denied Daniels's Motion to Dismiss Regarding Mens Rea.

2. At the time the complaint in this case was filed on March 10, 2010, the Hawai'i Supreme Court's "Third Amended Order Establishing Pilot Project for Submitting Written Criminal Complaints by Electronic Mail in the District Courts of the First[,] Third[,] and Fifth Circuits of the State of Hawai'i"

---

[2] In light of our disposition of this appeal, we need not address the State's claim that we should dismiss the appeal because Daniels failed to comply with the Hawai'i Rules of Appellate Procedure; however, Daniels's counsel is cautioned that future violations of the rules may result in sanctions.

(Pilot Project Order) filed on December 21, 2009, was in effect. The Pilot Project Order allows duly authorized prosecutors to submit, and the clerks of the designated district courts to accept, written criminal complaints in Adobe Portable Document Format (Adobe PDF format) or locked Word format (locked Word complaint) transmitted by email as an attachment. The Pilot Project Order provides in pertinent part that:

> An Adobe PDF or locked Word complaint submitted by email that bears the facsimile signature of a prosecutor and the prosecutor's attorney identification number has the same force and effect as the prosecutor's handwritten signature on any written complaint, provided the email by which the complaint was submitted originates from an official email address known to the Clerk. For purposes of this order and any rules of court, the facsimile signature may either be an image of a handwritten signature or the software printed name of the prosecutor preceded by /s/.

The complaint against Daniels is valid on its face. The complaint contains the name and attorney identification number of Deputy Prosecuting Attorney Thomas C. Koenig and bears a facsimile signature in the form of the software printed name of "THOMAS C. KOENIG" preceded by "/s/." It is Daniels, and not the State, that bears the burden of setting forth a prima facie case showing that he is entitled to the dismissal of the charge. See State v. Almeida, 54 Haw. 443, 448, 509 P.2d 549, 552 (1973) (concluding that a defendant who files a motion to dismiss bears the burden of presenting a prima facie case showing that he or she is entitled to dismissal); State v. Layton, 53 Haw. 513, 516, 497 P.2d 559, 561-62 (1972) (noting that an indictment has a presumption of validity); State v. Rodrigues, 63 Haw. 412, 417, 629 P.2d 1111, 1115 (1981) ("In challenging the validity of an indictment, the defendant has the burden to establish prejudice."); State v. Chong, 86 Hawai'i 290, 295, 949 P.2d 130, 135 (App. 1997) (stating that "the defendant bears the burden of proof when challenging an indictment").

The Motion to Dismiss Improperly Filed Complaint was not part of the record on appeal. Pursuant to Rule 11(a) of the Hawai'i Rules of Appellate Procedure, Daniels, as appellant, has the duty to provide a complete record for this court's review of

his points of error. Review of the transcript and the remainder of the record does not reflect that Daniels provided the district court with any basis for believing that the facsimile signature that appears on the complaint failed to comply with the Pilot Project Order. A facsimile signature of a prosecutor that complies with the requirements of the Pilot Project Order "has the same force and effect as the prosecutor's handwritten signature on any written complaint[.]" Daniels failed to meet his burden of setting forth a prima facie case that he is entitled to the dismissal of the complaint based on a claim that it was not properly signed. Accordingly, it appears that the district court properly denied Daniels's Motion to Dismiss Improperly Filed Complaint, and did not err in convicting Daniels thereon.

Therefore, the District Court of the First Circuit, Honolulu Division's December 8, 2010 Judgment and Notice is affirmed.

DATED: Honolulu, Hawai'i, October 24, 2011.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant.

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plantiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4